Curia, per Johnston, Ch.
The reasoning of the decree rests entirely upon the assumption, that a bond or sealed note given to a woman during coverture, is, at law, the unqualified property of her husband, and if this assumption is sustainable, I do not perceive any error in the conclusions which the decree draws from it.
I assumed this position with the less hesitation, because it seemed to be conceded in the argument, and because it had been conceded in Herbemont vs. Herbemont by eminent counsel, whom I endeavoured to draw into the discussion of it.
But it has been discussed here ; and I am satisfied that the position, so far from being sustained, is contradicted by the best authorities.
The result of the examination is, that the husband’s right of *279 property is qualified, and dependent altogether upon the steps he may take to assert it.
The right of the husband to the choses of the wife may be determined by considering the remedies which the law gives him in relation to them; and the incidents which pertain to the remedies he may adopt.
To the choses belonging to the wife before the marriage, the husband can lay no claim in his own name, or in his own right; but must join the wife in any action he may bring for reducing them into his possession. If he die before judgment, the chose survives to the wife ; or if he obtain judgment and die before it ■is satisfied, the judgment enures to the wife as survivor.
Upon choses accruing to the wife during coverture, the husband may sue alone, or he may concede to the wife an interest in them, and join hei in the action; and if he make no exclusive claim by suing in his own name ; or join his wife in the action, but die before judgment, or after judgment but before satisfaction ; the chose, or the judgment, as the case may be, survives to the wife, precisely as in the case of choses accrued to her before the marriage. ,
The only difference between ante-nuptial and post-nuptial choses, therefore, is, that the husband must join the wife in the action for the former, but has an option whether to join her, or sue alone for the latter. If he has not reduced them before his death, they both equally go to the wife by survivorship.
In this case, Mr. Addison neither sued in the one form nor the other ; nor made any claim whatever to the sealed note, the subject of the decree; — and the consequence, (if the positions I have stated be true) is, that upon his death, it belonged, in law, absolutely to his wife.
For the truth of the positions, I might refer to two elementary writers, in common use.
Chitty, speaking of choses accruing after the coverture, says (1 Chit. Pl. 18) “ where the wife can be considered as the meritorious cause of action, (as if a bond or other contract under seal be made to her separately, or with her thusband ;) or if, in the case of her personal labour-, there be an express promise to -her, or to her and her husband, she may join with the husband, or he may sue alone; and it has been held, that she may be .joined in -all cases, upon an express promise to her.”
“ The effect” says he (Id. 20,) “ of joining the wife in an action-, when the husband might sue alone, is, that if the husband *280 die whilst it is pending, or after judgment, and before it is satisfied, the interest in the cause of action will survive to the wife, and not to the executors of the husband: though, if he sued alone, she would have had no interest.”
Mr. Stephens (1 N. P. 744) lays down the same positions.
Premising that where the husband and wife join in an action, founded upon the services, (fee. of the wife, and there is no express promise in the case, it must appear in the declaration that the services were rendered by her, so as to show that she is the meritorious cause of the suit; but that if the action is founded on a note or bond to her, or upon any other instrument importing consideration, no such averment is necessary, (1 H. Bl. 144; 2 M. and S. 393) I proceed to show from a few cases, promiscuously taken from both the law and equity jurisdictions, that the elementary writers already quoted are borne out in the propositions laid down by them.
It is true, that there are a few cases (Bunb. 188; 2 Eq. Ab. 1; 2 Bl. R. 1236) to the contrary: but the current of cases, especially those of later date, are with them.
Thus in Brashford vs. Buckingham, (Cro. Jac. 77) it was assigned for error that the action was brought by husband and wife upon a promise made to the wife after coverture, in consideration that she should cure a wound; and it was insisted that the husband alone should have sued, it being a personal duty which accrued during coverture. Sed non allocatur, being grounded upon a promise made to the wife, upon a matter arising from her skill; so she is the cause of the action, and so the action in both their names is well enough ; and such an action shall survive to the wife.
Philliskirk vs. Pluckwell, (2 M. and S. 393.) Assumpsit by-husband and wife on a promissory note given by the defendant to the wife during coverture. It was objected that the husband should sue alone, as it did not appear on the face of the note that it was on account of any meritorious consideration proceeding from the wife. Lord Ellenborough said the note to her imported a consideration proceeding from her; “ and in Co. Lit. 120, a, and 1 Roll. Abr. Baron and Femme, H. pl. 6 and 7, mentioned by my brother Dampier, a difference is taken between a thing that is not merely a chose in action, and one that is: and, therefore, in case of a bond made to the wife, if the wife dieth, the husband shall not have it, without taking administration, because that is merely in action. So here the note is made to the *281 wife; and it imports consideration, unless the contrary be shewn.” Bayley, J. concurred with him: and Dampier, J. held that the husband might join his wife in the action ; and said “there must be some inaccuracy in Bidgood vs. Way (2 Bl. R. 1236) in one part; because the court say that no promise to a married woman, either express or implied, gives her any interest; and yet they afterwards admit upon the cases, that where a promise is so expressly stated, the husband may assent to give the wife an interest in the contract and join her in the action. In Day vs. Pargrave, according to my note, Lee Ch. J. said that where a bond is given to the wife during coverture, no action will lie for it by the wife, solely, but they may have a joint action during their lives; or the husband may bring such action during the coverture, in his own name; yet if he does not, it survives to the wife.”
In Oglander vs. Baston, (1 Ver. 396) it is said by the Lord Chancellor, “ if there be a bond debt' due to the wife, the husband may sue alone, without joining his wife; but in case the wife was joined in the action, and judgment is recovered, the judgment will survive to the wife.”
Schoonmaker vs. Elmendorf (10 Johns. R. 49.) Scire facias brought by the wife’s executors to revive a judgment, which had been obtained by husband and wife on a bond given to both. The wife survived the husband, and it was held, that they had well joined in the original action; and that the judgment survived to the wife.
Coppin vs. -- (2 P. Wms. 496.) Bill by husband and wife: plea by defendant, and plea overruled, with £5 costs. Husband dies ; held, that these costs survive to the wife. It was said in the argument, “ that a bond given to the husband and wife, during the coverture, on the husband’s dying first, did not survive to the wife.” But “ the Lord Chancellor denied this, and recie, for clearly it does survive to the wife, as all other joint dioses in action do; though it is true in this case the husband may disagree to the wife’s right to it, and bring the action on the bond in his own name only; but till such disagreement, the right to the bond is in both the husband and the wife, and shall survive.”
I shall close this examination with the case of Nash vs. Nash (2 Mad. R. 411, first Am. Ed.) decided in 1817, in which most of the cases are cited and commented on. The father of a married woman drew a cheque in her favour, upon his bankers, for *282 £10,000. The bankers gave her a promissory note for the amount; which she delivered to her husband ; and he received £1000 upon it, and continued to receive the interest on the remaining £9000 up to the time of his death. It was held, that upon his death, she was entitled to the note, as a chose in action which had survived to her. - .
It seems to me that these cases are sufficient to settle the question as to the right at law.
Still it may be said, that though the doctrine be as stated, as between the husband, or his representatives, and the wife, it must be otherwise as between the latter and the creditors of the former. That it may lead to fraud: — for if a bond or note, executed in the name of the wife, be allowed to survive to her, it will be easy for the husband, when the consideration really proceeds from him, and not from the wife, to take the obligation in her name, and thus secure a benefit to her at the expense of his creditors. But there is no such danger. If the chose arises in truth, as in this instance, from the wife as the meritorious cause, there is no fraud in allowing her the benefit of it; and if it arises from the funds or property of the husband, the proof of that fact will demonstrate the fraud and prevent its being carried into effect.
It is ordered, that the decree be reversed, and the bill, pertaining to this matter, as against the defendants, Meetze, Bouk-night and Scott, dismissed. The costs to be paid out of the estate of Mr. Addison before distribution.
Johnson and Dunkin, CC. concurred}.